UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re:

AARON A. TREDENICK and ALICA
TREDENICK,

        Debtors.
_____/

AARON A. TREDENICK,

        Plaintiff,

v.

ROBERT F. WARDROP, II, and WARDROP
& WARDROP, P.C.,

        Defendants.
_____/

Case No. 19-01964-swd
Hon. Scott W. Dales
Chapter 12


Adversary Pro. No. 25-80039

(Removed from Kent County Circuit
Court, Case No. 25-20348-CH)

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                  Chief United States Bankruptcy Judge

Nearly six years after voluntarily dismissing his chapter 12 case, former debtor Aaron Tredenick filed suit in the Kent County Circuit Court against a creditor, the creditor's counsel, and others, alleging, *inter alia*, that the creditor and its counsel, Robert F. Wardrop II, and his law firm (Wardrop & Wardrop, P.C.), committed fraud in connection with the bankruptcy court proceedings. Mr. Wardrop and his firm (the "Defendants") filed a Motion to Reopen Chapter 12 Case Pursuant to 11 U.S.C. § 350(b) (Base Case ECF No. 48, the "Motion"), and later filed the Notice of Removal Pursuant to 28 U.S.C. § 1452 (Adv. Pro. ECF No. 1, the "Removal Notice").

Noting the unusual posture of this case and expressing some procedural, jurisdictional, and comity concerns, the court issued its Order to Show Cause (ECF No. 3) to expedite consideration of the Motion and possible remand, *sua sponte*, under Rule 9027.[1]  The Order to Show Cause also stayed the adversary proceeding that the Removal Notice initiated, except with respect to the possible remand.

On July 22, 2025, in Grand Rapids, Michigan, the court conducted a hearing to consider the matter.  Mr. Wardrop, his firm, and the United States Trustee appeared through counsel. Mr. Tredenick did not appear, although his former bankruptcy counsel, Steven Bylenga, Esq., announced his intention to observe the hearing.  The court assumes, as Mr. Bylenga reasonably did, that his bankruptcy representation of Mr. Tredenick ended when Mr. Tredenick voluntarily dismissed the case in December, 2019. *See* Disclosure of Compensation of Attorneys for Debtor(s) (Base Case ECF No. 2) (describing representation only in connection with the bankruptcy case and also excluding representation in adversary proceedings).

Before the hearing, Mr. Wardrop and his firm filed Defendants' Response to Order to Show Cause (ECF No. 5, the "Response"), helpfully and candidly addressing the court's doubts about reopening the case and resolving the removed causes of action.  During the hearing, however, the Defendants simply rested on the Response, and the United States Trustee and Mr. Tredenick's former counsel took no position.

The court will first address the Motion and proposed reopening of the case and then consider the jurisdictional question.

---

[1] References to any "Rule" are to the Federal Rules of Bankruptcy Procedure. References to "Bankruptcy Code" or to specific statutory sections are to 11 U.S.C. §§ 101-1532, except as otherwise noted.

1. <u>Motion to Reopen</u>

Understandably, the Response bemoans the procedural murkiness surrounding case reopening and removal of claims related to a bankruptcy case, especially a case that has been dismissed and closed (as here). It is unclear, for example, whether reopening is necessary or appropriate,[2] whether to file the removal notice with the Clerk of the district or bankruptcy court,[3] and whether or to what extent the removal affects the original state court proceeding.

With respect to the necessity of reopening the base case under the circumstances, the Defendants state that "most courts do not require the debtor's bankruptcy case to be reopened" to permit filing a notice of removal, Response at p. 2, and this seems to accord with the view that reopening a case is unnecessary where, as here, the reason for reengaging the bankruptcy court does not involve administration of assets. Collier on Bankruptcy, 16th ed., ¶ 350.03[03], n. 27 (citing *In re Keller*, 24 B.R. 720 (Bankr. N.D. Ohio 1982); *In re Menk*, 241 B.R. 896 (9th Cir. BAP 1999).

Here, the Motion contains no suggestion of any need to administer assets, enforce the discharge, or other reasons we typically associate with reopening cases. Instead, Mr. Wardrop and his firm simply seek to defend themselves against the former debtor's fraud and other claims in the bankruptcy court where the supposed wrongs allegedly took place. The court agrees with

---

[2]  Some courts have declined to reopen a previously dismissed case under 11 U.S.C. § 350 and Rule 5010 on the ground that Rule 9023 and 9024 govern that sort of relief. *See, e.g., In re Bowman*, 526 B.R. 802, 804 (8th Cir. BAP 2015); *In re Finch*, 378 B.R. 241, 246 (8th Cir. B.A.P. 2007), *aff'd*, 285 Fed. Appx. 326 (8th Cir. 2008).

[3] Practitioners in our district typically file removal petitions under 28 U.S.C. § 1452 with the Clerk of the United States Bankruptcy Court, given (1) the district court's broad reference to the bankruptcy court under 28 U.S.C. § 157 and (2) the requirement in Rule 9027(a)(1) to file a notice of removal with the "clerk," a defined term. *See* W.D. Mich. LGenR 3.1(a) (referral of bankruptcy jurisdiction); Fed. R. Bankr. P. 9001(a)(1) and (a)(2) (defining "Clerk" to include "Bankruptcy clerk") and 9027(a)(1) (requiring filing of removal notice with the "clerk" for the district and division embracing the original civil action). Regardless, Rule 5005(c)(1) provides an easy solution for any error in selecting the appropriate clerk's office.

the arguments in the Response to the effect that reopening is unnecessary under the circumstances and also accepts the Defendants' concession that they are not interested parties with standing to seek reopening of the case.[4]  For these reasons, the court will deny the Motion.

2. Removal Jurisdiction

The next question is whether or to what extent the court should entertain the removed causes of action or remand them.  The question is largely one of jurisdiction and (assuming jurisdiction) abstention.

The Defendants invoke Title 28's bankruptcy jurisdiction and removal statutes, 28 U.S.C. §§ 1334 and 1452, arguing that because Mr. Tredenick is claiming the Defendants defrauded the bankruptcy court, his claims are related to the bankruptcy case.  Defendants characterize the removed claims as generally involving Mr. Tredenick's allegations that Mr. Wardrop committed fraud on the bankruptcy court by (1) overstating collateral values in his client's proofs of claim and (2) badgering the bankruptcy trustee and debtors' counsel into believing the chapter 12 case was destined to fail.  Because these alleged misdeeds occurred during the bankruptcy case, Defendants contend they are "related to" the case.

Most arguments for federal jurisdiction, including bankruptcy jurisdiction, depend on statutory authority.  Step-by-step, the Defendants' jurisdictional syllogism is as follows: the bankruptcy-specific removal statute provides that "[a] party may remove any claim or cause of action in a civil action … to the district court for the district where such civil action is pending,

---

[4] The Defendants concede that they are not "interested parties" within the meaning of Rule 5010 and "do not have authority to reopen the bankruptcy case."  *See* Response at p. 3; Fed. R. Bankr. P. 5010 (debtor or other interested party may move to reopen); *cf*.*In re Ayoub*, 72 B.R. 808 (Bankr. M.D. Fla. 1987).  Perhaps their former client (a secured creditor) qualifies as an "interested party" but its lawyers do not.

if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  28 U.S.C. § 1452(a).  Next, according to the Defendants, the United States District Court for the Western District of Michigan, which embraces Kent County, has "related to" jurisdiction over the removed claims under the main bankruptcy jurisdiction statute because the alleged misrepresentations and supposed bullying occurred in connection with the doomed chapter 12 case that was once pending here.  28 U.S.C. § 1334(b).[5]  Therefore, the argument continues, the court has jurisdiction to resolve the removed claims.

In its Order to Show Cause, however, the court expressed concern about exercising removal jurisdiction premised on a chapter 12 case it dismissed on the debtors' motion.  First, Mr. Tredenick's motion to dismiss expressed his desire to be free from the court's jurisdiction, an interest that Congress jealously protects by giving chapter 12 debtors a nearly iron-clad "get out of bankruptcy free" card.  11 U.S.C. § 1208(b).  Second, and more generally as Judge Shefferly persuasively noted a few years ago, by enacting § 349(b) Congress intended to "basically unwind the entire case as if it never happened."  *In re Bateson*, 551 B.R. 807, 813 (Bankr. E.D. Mich. 2016).  Exercising post-dismissal removal jurisdiction is at odds with that aim.

The court also expressed concern about the impact of removal on the Kent County Circuit Court's concurrent jurisdiction.  In the court's experience, state courts are accustomed to the

---

[5] More specifically in the Response, Defendants state:

> Defendants aver that each of Plaintiff's claims and causes of action that have been removed are sufficiently "related to" Plaintiff's bankruptcy for this Court to have jurisdiction. All of the facts occurred during the pendency of the bankruptcy. Most importantly, the allegations of fraud form the primary basis for the Plaintiff's claim of "fraud on the Court." Clearly, the claim of "fraud on the Court" is related to the Plaintiff's bankruptcy. If the "fraud on the Court" is "related to" Plaintiff's bankruptcy, then the other claims of fraud must also be, since they form the basis of that claim.

*See* Response at p. 5.

automatic stay (not at issue here) and frequently react with deference to any suggestion of bankruptcy by administratively closing the related civil action pending the bankruptcy court's further order.  Bankruptcy removal is much less common than the automatic stay, and the state courts can be forgiven if they fail to appreciate the nuances and differences between 28 U.S.C. § 1452 (removal of specific claims) and § 1441 (removal of the entire case) as the Defendants thoughtfully describe in their Response.  Moreover, as noted in the Order to Show Cause, Rule 9027(c) itself directs the parties involved in the removed cause of action to "proceed no further in the court from which the claim or cause of action was removed, unless it is remanded."  Fed. R. Bankr. P. 9027(c).

Also, removal of claims against the agent (Mr. Wardrop and his firm) to federal court while basically the same claims against the principal (Sidney State Bank) remain pending in the state court presents a risk of inconsistent state and federal judgments regarding the same set of operative facts.  Right or wrong, bankruptcy removal seems likely to interfere with a state court's orderly proceedings and create tension between the two court systems.

So, the twin reverberations of § 349(b) and § 1208(b), coupled with Rule 9027(c) and the court's oft-expressed comity concerns, together explain the court's decision to enter the Order to Show Cause and its hesitation to accept the Removal Notice without further inquiry.

The court acknowledges that "dismissal of an underlying bankruptcy case does not automatically strip a federal court of residual jurisdiction to dispose of matters after the underlying bankruptcy case has been dismissed," *Javens v. City of Hazel Park (In re Javens)*, 107 F.3d 359, 364 n.2 (6th Cir. 1997), but the usual test for "related to" jurisdiction requires more than a factual coincidence between the bankruptcy case and the removed cause of action.  Reviewing Mr.

Tredenick's Kent County complaint insofar as it pertains to Mr. Wardrop indeed confirms a nexus with his former bankruptcy case, but this connection without more will not support "related to" jurisdiction.

The prevailing test for "related to" jurisdiction under § 1334(b) in our Circuit follows the Third Circuit's *Pacor* test,[6] which provides as follows:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy*. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Wolverine Radio Co., Inc. (In re Wolverine Radio Co., Inc.)*, 930 F.2d 1132, 1142 (6th Cir. 1991) (emphasis in original; citations omitted).  Because the court dismissed Mr. Tredenick's chapter 12 case nearly six years ago, revesting estate property in him (and perhaps others) under § 349(b)(3), Mr. Tredenick's post-petition fraud and other tort claims, though touching on alleged misconduct occurring during his bankruptcy proceeding, have no conceivable effect on the administration of his former estate.  Given the dismissal and revesting, the claims fall outside the court's "related to" jurisdiction, or at least are too tenuous to support federal jurisdiction.  *Cf. Kelley v. Nodine (In re Salem Mortg. Co.)*, 783 F.2d 626, 634 (6th Cir. 1986) ("situations may arise where an extremely tenuous connection to the estate would not satisfy the jurisdictional requirement[.]").[7]

The Defendants, who bear the burden of establishing removal jurisdiction, have not

---

[6] *Pacor, Inc. v. Higgins (In re Pacor, Inc.)*, 743 F.2d 984, 994 (3d Cir. 1984).

[7] The court need not consider abstaining from the exercise of jurisdiction it does not have.

assuaged the court's concerns about jurisdiction, neither in their Response nor during the hearing.  Under the circumstances, remand is appropriate.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (Base Case ECF No. 48) is DENIED.

IT IS FURTHER ORDERED that the claims described in the Removal Notice are REMANDED to the Kent County Circuit Court and this adversary proceeding is DISMISSED for lack of jurisdiction.

IT IS FURTHER ORDERED that the Clerk shall enter a copy of this Memorandum of Decision and Order in the dockets of the adversary proceeding and former chapter 12 base case.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Aaron A. Tredenick (U.S. Mail and email address reflected on the complaint annexed to the Removal Notice), Robert F. Wardrop, II, Esq., Thomas Wardrop, Esq., and Steven Bylenga, Esq., and shall send a courtesy copy by U.S. Mail addressed to Michael V. Maggio, Esq., and the Hon. Clay M. West.

END OF ORDER

**IT IS SO ORDERED.**

**Dated July 23, 2025**



Scott W. Dales
United States Bankruptcy Judge